THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GRANVILLE BAILEY, Appellant.

Second Department, July 12, 1967.

*Anthony F. Marra* (*J. Jeffrey Weisenfeld* of counsel), for appellant.

*Aaron E. Koota, District Attorney* (*Aaron Nussbaum* of counsel), for respondent.

BENJAMIN, J. This is an appeal from a judgment convicting defendant, on his guilty plea, of second degree assault with intent to commit rape, and imposing a second offender sentence of one day to life.

Defendant's main contention is that the statutes providing for the one day to life sentence are invalid for failure to afford due process, like the Colorado and Pennsylvania statutes held invalid on that ground in *Specht* v. *Patterson* (386 U. S. 605) and *United States ex rel. Gerchman* v. *Maroney* (355 F. 2d 302). In my opinion, the New York statutes here involved (Penal Law, §§ 243 and 2189-a) are markedly different from the Colorado and Pennsylvania statutes considered in *Specht* and *Maroney* (*supra*), those cases are not here controlling, and the applicable holding is that in *Williams* v. *New York* (337 U. S. 241).

The Colorado and Pennsylvania statutes were held invalid for failure to afford notice and a judicial hearing because (a) they provided a specified penalty for a proved, specified sex crime in one statute, and then provided a mandatory, magnified sentence in a different statute '' in lieu of the sentence now provided by law '', based upon a new and different fact finding provided for in that separate statute; and (b) in effect, they provided that the conviction for the specified sex offense was merely the basis for the institution of a new, independent, criminal proceeding under another act, based upon a new charge, resulting in a different fact finding, and punishable by a different sentence. On the other hand, each of the New York statutes providing the penalties for specified sex offenses contains within itself the alternative sentences of a fixed term or an indeterminate one day to life term; both of the alternative sentences are specifically provided for the enumerated crime; the alternative one day to life sentence is not provided for in a separate statute, is not imposed in an independent proceeding, is not based upon a separate, independent finding of a fact not in the crime itself, and is not imposed '' in lieu

of the sentence now provided by law ''. In New York, the sentencing court has complete discretion to impose either a fixed term or an indeterminate one day to life sentence after it receives the psychiatric report mandated by section 2189-a (*People* v. *Rhodes,* 21 A D 2d 906, affd. 15 N Y 2d 729, cert. den. 382 U. S. 859); and if there were no section 2189-a the sentencing court would still have discretionary power, under section 482 of the Code of Criminal Procedure, to order a psychiatric report and would then have discretionary power, regardless of the findings in that report, to impose either the fixed term or the alternative one day to life sentence expressly provided for in the statute stating such alternative sentences for the specified sex crime. In short, in New York, the requirement of a presentence psychiatric report in sex crimes pursuant to section 2189-a does not result in the institution of an independent, criminal proceeding, based upon a new charge, and eventuating in a required different sentence bottomed upon a new fact finding separate from the previous finding of guilt; it is merely an amplification of the existing sentencing procedure, pursuant to section 482 of the Code of Criminal Procedure, which requires the sentencing court to obtain the defendant's record, and all available probation reports, medical reports and other relevant information before exercising his discretion in the imposition of sentence (see, Public Papers of Governor Dewey, 1950, p. 16 *et seq.*)

Hence, the one day to life sentence imposed on this defendant, pursuant to sections 243 and 2189-a of the Penal Law does not violate due process and is valid despite the fact that defendant was not afforded a hearing at which he could controvert the section 2189-a psychiatric report (*Williams* v. *New York,* 337 U. S. 241, *supra;* see, also, *People* v. *Peace,* 18 N Y 2d 230).

I have examined defendant's other contentions and find no merit in them.

The judgment should be affirmed.

HOPKINS, J. (dissenting). I dissent and vote to reverse the judgment and to remand for a hearing after the submission of a current psychiatric report of the defendant pursuant to the provisions of section 2189-a of the Penal Law, with the following memorandum. I consider the psychiatric report before the sentencing court insufficient under the requirements of the statute. Section 2189-a is specific that the report '' shall include all facts and findings necessary to assist the court in imposing sentence.'' That language means that psychiatric opinion

must inform the court as to whether the "defendant presents a probable behavior pattern which would render it dangerous to release him" and "whether such behavior problem can be favorably affected by custodial medical treatment." (*People* v. *Jackson,* 20 A D 2d 170, 174.)

All that the psychiatric report before the court here stated was that the defendant was a "sociopathic personality" and that "there were no special recommendations because the prognosis is not considered favorable." There should be psychiatric opinion that the defendant, as a sexual offender, constituted a danger to the community, and that his behavior could be ameliorated by custodial medical treatment, before a one day to life sentence could be imposed (cf. *People* v. *Kearse,* 28 A D 2d 910, decided July 10, 1967).

Moreover, a hearing should be held subsequent to the rendition of a current psychiatric report to the court. I cannot distinguish the Colorado and Pennsylvania statutes under examination recently (*Specht* v. *Patterson,* 386 U. S. 605; *United States ex rel. Gerchman* v. *Maroney,* 355 F. 2d 302) from our statute (Penal Law, §§ 243, 2189-a). In all of them, alternative sentences are provided in the instances of sexual crimes; in all of them, one of the alternatives is a sentence for one day to life; and in all of them, facts and findings are required in a psychiatric report, before the one day to life sentence can be legally made. True, the Colorado and Pennsylvania statutes call for a finding that the defendant poses a threat to the public, or is mentally ill, but our statute, as judicially construed, calls for virtually the same finding (*People* v. *Jackson,* 20 A D 2d 170, *supra;* cf. *People* v. *Jackson,* 21 A D 2d 843). In all these statutes, a life sentence may literally be the final outcome for the defendant.

Under these circumstances, I think that the standards of due process must be applied to the New York statute even as they were to the Colorado and Pennsylvania statutes. Our courts have recently voiced increasing concern over the kind and the depth of the treatment made available to the sexual psychopath (cf. *People ex rel. Kaganovitch* v. *Wilkins,* 23 A D 2d 178, 181–183; *People* v. *Mosher,* 24 A D 2d 47). At the least, the defendant has the right to a hearing with the safeguards of cross-examination and the submission of evidence on his behalf in rebuttal to the testimony of the examining psychiatrist.

I find no material difference in the statutes because a new or independent proceeding is said to be necessitated in Colorado and Pennsylvania before the magnified sentence may be inflicted. The result to the defendant is the same. Whatever

may be the path by which he is reached, he is still within the toils of a confinement which may endure his life, whether the sentence is imposed in New York or in one of the other two States.

In weighing the statutes, we must recognize that punishment for the crime is provided generally by an indeterminate term within minimum and maximum limits for less than life. The alternative of the maximum life sentence is not intended solely as punishment; it is, rather, in the nature of a quarantine directed toward the offender in order to remove him from the community both for its protection and in the interest of the offender himself. The heavier alternative treats the sexual psychopath as a person whose mental processes require commitment to an institution. Hence, the magnified sentence resembles the commitment of a mentally ill prisoner — a proceeding which invokes the characteristics of due process (cf. *People ex rel. Kamisaroff* v. *Johnston,* 13 N Y 2d 66; *People ex rel. Morriale* v. *Branham,* 291 N. Y. 312).

I therefore suggest a remand of the defendant for a current psychiatric examination and a hearing thereafter pursuant to the rulings in *Specht* and *Maroney (supra).*

NOLAN, J. (dissenting). I dissent and vote to remand the defendant for resentence on the sole ground that the psychiatric report submitted to the court was entirely insufficient for the reasons stated by Mr. Justice HOPKINS in his dissenting opinion.

BELDOCK, P. J., and BRENNAN, J., concur with BENJAMIN, J.; HOPKINS and NOLAN, JJ., dissent in separate opinions.

Judgment of the Supreme Court, Kings County, rendered June 10, 1965, which, on resentence, convicted defendant, on his guilty plea, of assault in the second degree, with intent to commit rape, and which imposed a second offender sentence of one day to life, affirmed.